IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:05-CV-55-D

| | | |
|---|---|---|
| PCS PHOSPHATE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

On September 28, 2007, the court granted plaintiff PCS Phosphate Company, Inc.'s ("PCS") motion for summary judgment as to defendants' liability on plaintiff's breach of contract and breach of easement covenant claims. See PCS Phosphate Co. v. Norfolk S. Corp., 520 F. Supp. 2d 705 (E.D.N.C. 2007). On January 28, 2008, after holding a bench trial on damages, the court entered judgment in favor of plaintiff in the amount of $18,790,893.90. See PCS Phosphate Co. v. Norfolk S. Corp., No. 4:05-CV-55-D, [D.E. 86] (E.D.N.C. Jan. 28, 2008) (judgment). On February 11, 2008, PCS filed a bill of costs seeking to tax costs in the amount of $8,393.91 against defendants. Defendants did not respond to the plaintiff's bill of costs.

I.

Federal Rule of Civil Procedure 54(d) entitles the prevailing party in a lawsuit to recover "costs other than attorney's fees." Title 28 U.S.C. § 1920 enumerates the allowable costs. Federal courts may assess only those costs enumerated in section 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded in part on other grounds by 42 U.S.C. § 1988(c) & 42 U.S.C. § 2000e-5(k).

PCS seeks to recover filing fees paid to the clerk of court. Title 28 U.S.C. § 1920(1) permits recovery for "[f]ees of the clerk," which include filing fees paid to the clerk of court. See, e.g., S.G.C. v. Penn-Charlotte Assocs., 116 F.R.D. 284, 288 (W.D.N.C. 1987). As such, PCS' request for filing fees in the amount of $250.00 is ALLOWED.

PCS also seeks to recover court reporter fees and deposition costs. Title 28 U.S.C. § 1920(2) permits compensation for "all or any part of the stenographic transcript necessarily obtained for use in the case." To recover deposition costs, the taking of the deposition must be "reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc., 830 F.2d 522, 528 (4th Cir. 1987). The prevailing party may recover court reporter fees and costs for one original (if the deposition is taken by the prevailing party) and one copy of the deposition transcript. See Bd. of Dirs., Water's Edge v. Anden Group, 135 F.R.D. 129, 134 (E.D. Va. 1991). The court reporter fees and deposition costs for which PCS seeks reimbursement were reasonable and necessary at the time of their taking. Accordingly, PCS' request for court reporter fees and deposition costs in the amount of $6,851.55 is ALLOWED.

PCS seeks to recover exemplification and copying costs. Title 28 U.S.C. § 1920(4) permits recovery for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Copying costs are allowable if used as court exhibits, or if furnished to the court or opposing counsel. See, e.g., Water's Edge, 135 F.R.D. at 138–39. The exemplification and copying costs for which PCS seeks reimbursement were reasonable and necessary for use in the case. As such, PCS' request for exemplification and copying costs in the amount of $1,292.36 is ALLOWED.

II.

In sum, PCS is ALLOWED $250.00 in filing fees, $6,851.55 in court reporter fees and deposition costs, and $1,292.36 in exemplification and copying costs, for a total award of $8,393.91.

The Clerk of Court is DIRECTED to tax total costs of $8,393.91 against defendants.

SO ORDERED. This 29 day of April 2008.

                                                  JAMES C. DEVER III
                                                  United States District Judge